

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**WESLEY E. BAUMAN**
*Assistant Corporation Counsel*
Phone: (212) 788-0517
Fax: (212) 788-9776
wbauman@law.nyc.gov

December 23, 2011

**Via ECF and Regular Mail**
Honorable Nina Gershon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Thompson v. City of New York, et al</u>
                11 Cv. 4759 (NG)(RML)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of the Corporation Counsel representing defendant City of New York ("defendant City") in the above-referenced matter. This letter is submitted in accordance with Your Honor's individual practices to request a pre-motion conference concerning defendant City's anticipated motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure in lieu of an answer.

        By way of background, plaintiff previously brought a lawsuit against defendant City, the New York City Police Department and Police Officer Charles McDonald under docket number 10 Cv. 4972 (SLT)(JO). The lawsuit alleged that on November 4, 2007 he was unlawfully arrested by the defendants therein. Included in that complaint was a municipal liability complaint against defendant City. On April 15, 2011, plaintiff amended his complaint and added Police Officers Lewis Ortiz, Richard Arroyo, Ronald Reynolds, Detective Jennifer Lavelle and Sergeant Domenico Colavito as defendants. At all times during the litigation, plaintiff was represented by an attorney. On or about October 14, 2011, the parties entered into a Stipulation of Settlement and Order of Dismissal.[1] In connection therewith, plaintiff executed a General Release releasing the defendants in that case, including the City of New York, "from any and all claims which were or could have been alleged by me in the aforementioned action, including all claims for attorneys' fees, expenses and costs."

---

[1] Some portions of the release were signed by plaintiff as early as October 4, 2011. The entire document was fully executed on October 14, 2011.

On or about September 29, 2011, approximately two weeks before the release was entered into, the present complaint against the City of New York was filed. The present complaint alleges, *inter alia*, that on March 12, 2011, plaintiff was unlawfully stopped, searched and arrested. The complaint also includes a municipal liability against defendant City.

Defendant City respectfully requests that it be permitted to bring a motion to dismiss the complaint, including the municipal liability claim, based on the foregoing General Release that was executed by plaintiff in his prior lawsuit. There can be little doubt that plaintiff's claims arising out of the events of March 12, 2011, could have been alleged in the prior lawsuit, particularly given the fact that plaintiff amended his complaint on April 15, 2011. There can also be no doubt that the plaintiff's allegation that he was arrested and seized pursuant to an unlawful policy, practice or custom of defendant City could have been alleged in the prior lawsuit as well. Thus, defendant City would like to make a motion to dismiss plaintiff's complaint in lieu of an answer on the basis of the General Release executed by plaintiff in his prior lawsuit.

The language in the General Release is broadly worded and unequivocal. Plaintiff agreed in consideration for the settlement amount in the first lawsuit to release defendant City and its agents not just from any and all claims which were alleged by him in the first lawsuit, but from any and all claims which could have been alleged by him therein. District courts within this Circuit have consistently held that similar releases bar claims made under similar circumstances to what this plaintiff is attempting to do here, namely enter into a settlement and then maintain other claims that "could have been alleged" in a prior action. Lewis v. City of New York, 10 Cv. 3266 (RJD)(LB), slip op., (E.D.N.Y. July 28, 2011) (dismissing plaintiff's case "[g]iven the broad release to which plaintiff previously agreed"); Gittens v. City of New York, 10 Cv. 8502 (PAC), slip op., (S.D.N.Y. May 11, 2011) (dismissing plaintiff's case and giving effect to the plain language of the release where plaintiff "knew of both incidents when he settled the first action"); Tromp v. City of New York, 11 Cv. 2794 (JBW)(RLM), slip op., (E.D.N.Y., October 4, 2011).[2]

As such, defendant's proposed motion is meritorious and defendant respectfully requests permission to make it.

Very truly yours,

/s/

Wesley E. Bauman
Assistant Corporation Counsel

cc:   Hon. Robert M. Levy (By ECF)
      Christopher D. Wright, Esq. (By ECF)

---

[2]  The cited to unpublished decisions are attached hereto as Exhibit A.